UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RYAN PEARLSTEIN,

                                        Plaintiff,

-against-

CITY OF NEW YORK, CORRECTION OFFICER TEBBENS, CORRECTION OFFICER DARBOIS, CAPTAIN ARKHURST, CORRECTION OFFICERS JOHN DOE ##1-6,

                                        Defendants.

**COMPLAINT AND JURY DEMAND**

**Docket No.**

------------------------------------------------------------------------ x

## **PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief for the violation of his rights under the Eighth and Fourteenth Amendments secured by 42 U.S.C. § 1983, and the laws and Constitution of the State of New York.

2. The claim arises from a September 30, 2014 incident in which Officers of the New York City Department of Correction ("DOC"), acting under color of state law, intentionally assaulted Plaintiff and willfully subjected him to, among other things, excessive use of force.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## **JURISDICTION AND VENUE**

4. This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4),

1367(a) and the doctrine of pendent jurisdiction.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located, and a substantial part of the events giving rise to the claim occurred, within the boundaries of the Southern District of New York.

**PARTIES**

7. Plaintiff RYAN PEARLSTEIN is currently a resident of Kings County, New York. On September 30, 2014, was a sentenced prisoner in the custody of the DOC at Rikers Island, in the jurisdiction of the County of the Bronx, State of New York, at the Robert N. Davoren Center ("RNDC").

8. The CITY OF NEW YORK ("City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York DOC, was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all DOC personnel. In addition, senior officials in the Department are aware of and tolerate certain practices by subordinate employees in the jails, regardless of whether they are acting according to written policy. These practices, which are widespread, long-tolerated, and uncorrected are deeply embedded in the DOC culture and therefore constitute unwritten policies or customs. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the DOC, and for ensuring that the DOC personnel obey the laws of the United States and the State of New York.

9. Correction Officer ("C.O.") TEBBENS, C.O. DARBOIS, and Captain ARKHURST, upon information and belief, were employees of the DOC on September 30, 2014, and were acting in the capacities of agents, servants, and employees of defendant City, within the scope of

their employment, and acting under color of state law. On information and belief, Defendants Tebbens, Darbois, and Arkhurst worked at RNDC at the time of the incident alleged in this Complaint, and participated in, or witnessed and failed to intervene in, the assault of Plaintiff, and are sued in their individual capacities.

10. Correction Officers JOHN DOE ##1-6, upon information and belief, were employees of the DOC on September 30, 2014, and were acting in the capacity of agents, servants, and employees of defendant City, within the scope of their employment as such, and acting under color of state law. On information and belief, the John Doe Defendants worked at RNDC at the time of the incidents alleged herein, and participated in, or witnessed and failed to intervene in, the assault of Mr. Pearlstein, and are sued in their individual capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. On September 30, 2014, Mr. Pearlstein was a sentenced prisoner at RNDC, in DOC custody.

13. Plaintiff stands 5'11" tall. On September 30, 2014, he weighed 145 pounds.

14. At approximately 8:45 A.M. Plaintiff was asleep in his cell.

15. At that time, several correction officers ordered Plaintiff and other detainees in his cell block to step into the day room.

16. Mr. Pearlstein began to comply with the officers' orders by getting out of bed and putting on his slippers.

17. As Plaintiff was putting on his slippers, Defendant Officer Tebbens loudly yelled at

3

him and instructed him to put his hands on the wall to prepare for a pat-down.

18. Mr. Pearlstein did not know why he was being patted down, but he complied with the officer's order.

19. The officer started patting down Plaintiff roughly, using force as he squeezed Plaintiff's body. Defendant Captain Arkhurst was standing several feet away and watching.

20. Plaintiff told Officer Tebbens that he was hurting him and asked him to stop.

21. The officer picked up Plaintiff and slammed him onto the floor. Plaintiff landed on his stomach, face down. Captain Arkhurst continued to watch and did nothing to stop Officer Tebbens.

22. While he was on the floor, several other correction officers, including Defendant Officer Darbois and the John Doe Officers, swarmed around Plaintiff and started kicking him, or watched as other officers stomped on him and failed to intervene in their obviously illegal actions.

23. Mr. Pearlstein was taken to the medical clinic immediately after the assault. He was treated for the injuries, including bruising and lacerations.

24. At no time prior to or during the assault did Mr. Pearlstein make any aggressive gesture toward any officer or supervisor or present any risk of harm to any officer or supervisor.

25. Defendant Officers failed to intervene to prevent the assault on, or prevent further injury to, Plaintiff.

26. By failing to intervene in order to stop the assault, Defendants demonstrated a deliberate indifference to a substantial risk of serious harm to Plaintiff.

27. At all times during the events described above, Defendant Officers were engaged in a joint venture and formed an agreement to violate Plaintiff's rights. The individual officers

assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against Plaintiff.

28. During all of the events above described, Defendants acted maliciously and with intent to injure Plaintiff.

## DAMAGES

29. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

    c. Physical pain and suffering;

    d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, fright, horror, grief, shame, depression, loss of sleep, and increased levels of anxiety.; and

    e. Deprivation of his liberty.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983
EXCESSIVE FORCE

30. The above paragraphs are here incorporated by reference.

31. By using excessive force against Plaintiff without provocation and with no penological purpose, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eighth Amendment to the United States Constitution.

32. Defendants acted under color of law and conspired to deprive Plaintiff of his civil, constitutional, and statutory right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution by fabricating false statements against him for the purpose of covering up their unconstitutional conduct, which caused Plaintiff to be charged with disciplinary infractions, and are liable to Plaintiff under 42 U.S.C. § 1983.

33. As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
42 U.S.C. § 1983
MUNICIPAL & SUPERVISORY LIABILITY

34. The above paragraphs are here incorporated by reference.

35. The City of New York is liable for the damages suffered by Plaintiff as a result of the conduct of its employees, agents, and servants.

36. The aforesaid event was not an isolated incident. The City of New York has been aware for some time (from lawsuits, Notices of Claim, inmate complaints, internal investigations, and the scathing report, issued in 2014, from the Department of Justice and Manhattan U.S. Attorney's Office, among other reports and investigations) that many of their officers are insufficiently trained on how to avoid excessive use of force. Recently, the rate of violence between officers and prisoners at Rikers Island has drastically increased.[1] The City of New York insufficiently disciplines officers for not reporting fellow officers' misconduct that they have observed, and it fails to discipline officers for making false statements to disciplinary agencies.

37. The investigatory body responsible for monitoring officer behavior, the Inspector

---

[1] Michael Winerip & Michael Schwirtz, *Even as Many Eyes Watch, Brutality at Rikers Island Persists*, N.Y. TIMES," Feb. 21, 2015, http://www.nytimes.com/2015/02/22/nyregion/even-as-many-eyes-watch-brutality-at-rikers-island-persists.html.

General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, although inmates are only interviewed individually. In addition, the Inspector General routinely fails to investigate claims of violence or abuse when the person suffering does not initiate the claim. The City of New York is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, Defendants have failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil and constitutional rights, without fear of reprisal.

38. The City of New York knew or should have known that the officers who caused Plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City of New York failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

39. The City of New York has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual Defendants in this and in similar cases involving misconduct.

40. Despite an increase in the amount of lawsuits filed, the amounts paid out in settlement, and the amounts spent on litigation costs, the City of New York has failed to review litigation stemming from misconduct by correction officers for patterns, practices and personnel which are likely to cause citizens' constitutional violations. By ignoring these patterns, practices and personnel which are the sources of constitutional violations, the City is liable under municipal liability.

41. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within New

York City, and were the cause of the violations of Plaintiff's rights here alleged.

42. The City of New York has damaged Plaintiff by its failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving officer misconduct.

43. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City of New York.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: February 9, 2016
Brooklyn, New York

Respectfully yours,

TO: Corporation Counsel
City of New York
100 Church Street
New York, NY 10007

Amy E. Robinson, Esq.
Stoll, Glickman & Bellina, LLP
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
arobinson@stollglickman.com
*Attorney for Plaintiff*

Correction Officer Tebbens
Correction Officer Darbois
Captain Arkhurst
Correction Officer John Does ##1-6